1816.

Kenner & Henderson
vs
Kennedy & Cox

the appellee was the agent of the parties, and was apprized of the illegal voyage, and he was privy to the illegal transaction, aiding and assisting in it; and as such agent, and with such knowledge, the money now demanded of him came into his hands. He cited 2 *Com. on Cont.* 109; and *Steers vs. Lashley*, 6 *T. R.* 61.

THE COURT concurred with the court below in the opinion stated in the last bill of exceptions.

BUCHANAN, J. dissented.

JUDGMENT AFFIRMED.

1816.
JUNE.

KENNER & HENDERSON vs. KENNEDY & COX.

K and H of *New Orleans,* having purchased a quantity of cotton for K and C, drew bills on them for the amount, which being protested for non payment K and H were obliged to pay the amounts thereof, with 10 p c damages, according to the usage and custom prevailing in *New Orleans.* They afterwards brought their action against K and C for the amount paid by them for the cotton, the suit was referred, and the arbitrators not taking into consideration the 10 p c damages, awarded the amount to be paid by K and C, to K and H, for which a judgment was tendered, which was afterwards satisfied. K and H afterwards brought an action against K and C, to recover the 10 p c damages—*Held,* that they were not entitled to recover

APPEAL from *Baltimore* County Court. *Assumpsit* on sundry bills of exchange drawn by the plaintiffs, (now appellants,) on the defendants, (the appellees,) and by them accepted, &c. The general issue was pleaded.

At the trial the plaintiffs proved, that the defendants, and a certain *John Sherlock,* all of whom resided in the city of *Baltimore,* in the year 1806, authorised and empowered the plaintiffs, who resided in the city of *New Orleans,* to purchase, on their account, a quantity of cotton, amounting to the sum of ——, and to ship the same to *Lees & Sherlock,* of *Liverpool.* That the plaintiffs made the purchase, and drew bills on the defendants to reimburse them for part of the money expended by the plaintiffs in making the purchase; which bills were accepted by the defendants, and afterwards duly protested for nonpayment; which bills they offered in evidence. Of which protests due notice was given to the plaintiffs. The plaintiffs further offered evidence, that after the bills were protested for nonpayment they, as the drawers of the bills, paid the amount thereof, with ten *per cent* damages, to the respective holders; and they further offered evidence, that according to the usage and customs of merchants prevailing at the city of *New Orleans,* the holder of a protested bill of exchange drawn at *New Orleans,* on a person in any one of the *United States,* is entitled to receive from the drawer of the bill ten *per cent.* damages on the amount of the bill. And the plaintiffs stated to the court and jury, that he present suit was instituted solely to recover ten *per cent.* damages on the said bills of exchange, with interest and costs thereon, amounting together to $1,227 92. The defendants then proved, that the plaintiffs to October term 1808 instituted a suit in *Baltimore* county court against these defendants, and the said *Sherlock,* to recover the amount by the plaintiffs expended in making the said purchase of cottons, with interest thereon. That the defendants and *Sherlock* appeared to that suit, and after-

wards, at April term 1811, it was referred, by the consent of the parties, and by order of the court, to *Robert Oliver* and *William Cole*, who acted as arbitrators, and who awarded that there was due to the plaintiffs the sum of $5,643 51, on which award a judgment was rendered, which has been since satisfied and paid. And the defendants further proved, that the arbitrators awarded to the plaintiffs the full amount of the money then due and expended by them, with interest, in making the purchase of the cotton. And that the arbitrators, in forming their award, did not take into consideration the damages on the said protested bills. The defendants then moved the court to direct the jury, that if they believed these facts, the plaintiffs were not entitled to recover; and the Court, [*Nicholson*, Ch. J. and *Bland* A J.] gave the direction. The plaintiffs excepted; and the verdict and judgment being against them, they appealed to this court.

1817.

Miller
vs
Honey

The cause was argued before BUCHANAN, EARLE, JOHNSON, and MARTIN, J. by

*Harper*, for the Appellants, and by
*W. Dorsey*, for the Appellees.

JUDGMENT AFFIRMED.

---

MILLER VS. HONEY.

JUNE (E. S.)

APPEAL from *Kent* County Court. Debt upon a bill obligatory for $337 80. The defendant, (now appellant,) pleaded *non est factum* specially—that he could not read writing, and that the consideration for which the bill was given, was stated to him to be $200, &c. Issue joined.

On a plea of *non est factum*, the subscribing witness to the bill obligatory proved his own attestation, but had no recollection of having seen the defendant sign, seal and deliver the bill; that from seeing his hand-writing as a witness, and from his having lived with the plaintiff as a clerk at the time of its execution, and from being in the habit of attesting such instruments for the plaintiff, he believed the defendant had signed, sealed and delivered it—*Held*, that the testimony was competent and sufficient to prove the due execution of the bill

1. At the trial the plaintiff called the subscribing witness to the bill, who proved that the attestation was in his hand writing, but that he had no recollection of having seen the defendant sign, seal and deliver the bill. That from seeing his hand-writing, and from his having lived with the plaintiff, at the time of the execution of the bill, as a clerk, and from being in the habit of attesting such instruments for the plaintiff, he believed the defendant had signed, sealed and delivered the bill. To this testimony the defendant objected; but the Court, [*Earle*, Ch. J. and *Purnell* and *Worrell*, A. J] determined that it was competent and proper, and permitted it to be offered to the jury. The defendant excepted.

2. The defendant then prayed the court to direct the jury, that the evidence offered was not sufficient to prove the due execution of the bill. The court refused to give the direction. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.